UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA FUGAZI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX PADILLA, in his official capacity as Secretary of State for the State of California; MELINDA DUBROFF, in her official capacity of the San Joaquin County Registrar of Voters, and DOES 1 through 50,<br><br>Defendants. | No. 2:20-CV-00970-KJM-AC<br><br>ORDER |

The Secretary of State for the State of California and the San Joaquin County Registrar of Voters move to dismiss plaintiffs' first amended complaint seeking injunctive and declaratory relief on the grounds that plaintiffs lacks standing, the claims are moot regardless of standing, and plaintiffs fail to state a claim upon which relief could be granted. Defendant Miller separately moves to strike plaintiffs' first amended complaint or for a more definite statement. The court, having considered the arguments of counsel on October 16, 2020, and the papers submitted with this matter, finds plaintiffs' claims are moot, GRANTS the motion to dismiss and DENIES the motion to strike as MOOT.

## I.     BACKGROUND

This court previously set forth the factual and procedural history of this matter in its May 22, 2020 order denying without prejudice plaintiffs' motion for temporary restraining order; the court incorporates that history by reference here. TRO Order, ECF No. 27, at 2–8. A month later, the court held a videoconference hearing on plaintiff's motion for preliminary injunction and denied it as moot. *See* June 9 Mins., ECF No. 38; June 9 Prelim. Inj. Hr'g Tr., ECF No. 43. At hearing, the court granted plaintiffs leave to file an amended complaint. June 9 Mins. On June 30, plaintiffs filed their first amended complaint against defendants asserting: (1) violations of the First and Fourteenth Amendments of the U.S. Constitution; (2) violation of the Voting Rights Act; (3) violation of the National Voter Registration Act; and (4) violation of the Americans with Disabilities Act. *See generally* First Am. Compl. ("FAC"), ECF No. 41. Plaintiffs maintain their request for an injunction prohibiting defendants from moving forward with the November run-off election until Registrar Dubroff accepts and/or counts: (1) the thirty-six ballots mailed in by March 3, 2020, and the ballots cast by the affiants with signed affidavits verifying their signatures before 5:00 p.m. on April 21; (2) the additional eleven cure affidavits received by the Registrar on April 13, 2020; (3) the additional votes found during the Spring recount before it was discontinued on June 1, 2020; and until the Registrar (4) recertifies the March 3 Primary Election results, *id.* at 36–37 (prayer for relief); plaintiffs also ask generally that the court order fair, reasonable and constitutionally sufficient procedures in future 2020 elections to allow plaintiffs and others to safely participate in those elections without concerns over COVID-19, *id*.

On July 21, 2020, defendant Registrar Dubroff moved to dismiss plaintiffs' first amended complaint. Mot. to Dismiss ("MTD"), ECF No. 44. Defendant Alex Padilla, in his official capacity as Secretary of State, joined the motion a day later. ECF No. 48. On the same day Dubroff filed her motion, defendant Miller separately requested the court strike plaintiffs' first amended complaint. Mot. to Strike ("MTS"), ECF No. 45. Plaintiffs opposed defendants' motion to dismiss, MTD Opp'n, ECF No. 50; Am. MTD Opp'n, ECF No 52, which is fully briefed, Reply, ECF No. 57. Miller filed a reply despite plaintiffs' failure to file any opposition to

2

the MTS.[1]  MTS Reply, ECF No. 59.  On October 16, 2020, the court heard oral argument on motions to dismiss and strike.  Mins., ECF No. 60.  Counsel N. Allen Sawyer and Natali Ron appeared on behalf of plaintiffs; counsel Christopher Skinnell appeared for defendant Melinda Dubroff; counsel A. Robbie Anderson, Jr., appeared for defendant Alex Padilla; counsel Fredric Woocher appeared for defendant Kathy Miller.  After argument, the court took the matter under submission for resolution by written order.  Given the motions' overlapping subject matter and common objective, the court addresses both motions here, differentiating where necessary.

**II.    MOTION TO DISMISS**

    A.    Legal Standard: Lack of Jurisdiction

It is hornbook law that the jurisdiction of the federal courts is limited to resolving cases and controversies. U.S. CONST. art. III, § 2, cl. 1; *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Because of this limited jurisdiction, cases lie outside the jurisdiction of the court unless proven otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  There are a number of "doctrines that cluster about Article III," including standing and mootness, which may support a challenge to subject matter jurisdiction raised by either party or *sua sponte* by the court.  *Allen v. Wright*, 468 U.S. 737, 750 (1984) (quotations and citation omitted); Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) jurisdictional attack may be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted).  In a facial attack, as defendants mount here, the complaint is challenged on its face as lacking federal jurisdiction, as compared to a factual attack in which the challenger provides evidence that an alleged fact is false resulting in a lack of subject matter jurisdiction.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, allegations in the complaint are taken as true and construed in the light most favorable to a plaintiff.  *Id.*

/////

---

[1] Plaintiffs asserted they were incorporating by reference in their opposition to the motion to dismiss their arguments in opposition to defendants' motion to strike, ECF No. 46.  *See* Am. MTD Opp'n at 5.  However, the record does not reflect any opposition to defendants' motion to strike.

B.     Analysis

Defendants challenge the court's jurisdiction over this matter on two bases: mootness and standing. MTD at 13–21. If either is lacking, the court must dismiss this matter for lack of jurisdiction. The court considers the entire record of the proceedings in evaluating defendants' motion. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (noting only few procedural limitations are placed on district court's addressing factual challenge to complaint's jurisdictional allegations; court can rely on any evidence properly before her).

Mootness is triggered when the injury giving rise to the case no longer exists. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A claim becomes moot when "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation" at issue. *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979).

Here, plaintiffs' first amended complaint alleges only facts arising from the March 3 primary election without curing the deficiencies identified in this court's prior order. *See Fugazi v. Padilla*, No. 2:20-CV-00970-KJM-AC, 2020 WL 2615742, at *7 (E.D. Cal. May 22, 2020). Defendants argue all plaintiffs' claims for relief stemming from the March 3 Primary Election are moot: Ms. Fugazi's claims are moot because she abandoned the recount she had requested before it was completed; because the recount was then terminated in accordance with state law, the other plaintiffs' claims also are moot. MTD at 18 (citing to June 9 Prelim. Inj. Hr'g Tr. at 13:11–15 (this court's holding "motion for preliminary injunction is moot," and observing plaintiffs' "path under the law is through the California Elections Code to seek a post recount election contest under election code . . . 16101(d).")). Moreover, as defendants note, plaintiffs effectively conceded their efforts to obtain relief would be moot after "printing of the ballots for the November 3 elections, because Plaintiff Fugazi would not be listed on the ballots." Reply at 7 (relying on Sawyer Decl. ¶ 7, ECF No. 55). Here ballots went to print on September 11 and were distributed on September 19. *Id.* (citing Dubroff Decl. ¶¶ 4–5, ECF No. 57-1). At hearing on the motion to dismiss, plaintiffs denied any concession, arguing without citation to legal authority that "case law says the case is not moot [even when] the election happened."

/////

4

Although plaintiffs' argument lacks clarity, nothing before the court suggests this case falls within the exception to mootness for injuries capable of repetition, yet evading review; plaintiffs have not shown the alleged violations during the March election will reoccur. *GTE California, Inc. v. Federal Communications Comm'n,* 39 F.3d 940, 945 (9th Cir. 1994) ("This exception applies only 'in exceptional circumstances,'" and it "provides only minimal protection to individual plaintiffs.") (citation omitted). On this record, plaintiffs' claims are MOOT.

Plaintiffs' first amended complaint is DISMISSED with prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint . . .'") (quoting *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)).

Because the claims are moot, the court need not reach the additional arguments raised by defendants in their respective briefing.

### III. CONCLUSION

Defendant Dubroff's motion to dismiss is GRANTED without leave to amend.

Defendant Miller's motion to strike is DENIED as MOOT.

This order resolves ECF Nos. 44 & 45.

IT IS SO ORDERED.

DATED: October 28, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE